TIMOTHY PEARSON *vs.* WILLIAM STODDARD & another.

A promissory note payable " four months after, for value received," is payable four months after date.

In an action on a promissory note payable to S. or order, signed on the back by S., and, below that, by W., with " waiving demand and notice " written over the name of each, oral evidence is admissible.to show that W. signed the note before its delivery to S., and is therefore liable as an original promisor; and the admission of evidence that S. refused to take the note, unless the maker " would get another name to be responsible to him on it," is immaterial and no ground of exception.

ACTION OF CONTRACT, commenced on the 14th of October 1856, against Stoddard, Scott (who was defaulted) and Whit‑ head, on the following promissory note:

" $100. Lowell, June 2d 1856.

" Four months after for value received I promise to pay E. W. Scott or his order the sum of one hundred dollars with interest.

" William Stoddard."

On the back of the note was written " waiving demand and notice. E. W. Scott." And under that, " Waiving demand and notice. Darius Whithead."

At the trial in the court of common pleas, the plaintiff intro‑

duced evidence of the genuineness of the signatures, and for the purpose of proving that Whithead was not an indorser, but an original promisor, called Scott as a witness, who testified " that he wrote the note ; that it was for a debt which Stoddard owed him ; that he told Stoddard he would not take it unless he would get another name to be responsible to him on it ; that after Stoddard signed said note, and before he delivered it to Scott, he took it to Whithead, and Whithead put his name on the back of it, writing over his name the words ' waiving demand and notice ; ' that Stoddard afterwards delivered it in that condition to Scott, in payment of the debt which he owed him ; that Scott afterwards put his own name on the back of the note above Whithead's signature, writing above his own name ' waiving demand and notice ; ' that he then negotiated the note for value to Pearson ; Scott and Pearson (as Scott testified on cross-examination) having made a previous arrangement that if Scott would get such a note, Pearson would take it and let him have the money on it."

The defendants objected to the introduction of this testimony to contradict or vary the terms of the note. But *Mellen,* C. J. admitted it for the purposes for which it was offered ; and ruled that the testimony of Scott, if true, made Whithead an original promisor and not an indorser ; and also ruled that the note was due and payable, by its terms, in the absence of any testimony on that point, at the time of the instituting of the suit. Scott was defaulted. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*A. F. L. Norris,* for the defendants, upon the point of the time of payment of the note, cited Story on Notes, §§ 27, 28, 29 ; upon the competency of Scott's testimony, 1 Greenl. Ev. § 275 ; and upon its effect, *Pierce* v. *Mann,* 17 Pick. 244.

*D. S. Richardson,* for the plaintiff, cited to the first point *Henry* v. *Jones,* 8 Mass. 455 ; *Phipps* v. *Tanner,* 5 Car. & P. 488 ; and to the others, *Union Bank* v. *Willis,* 8 Met. 504 ; *Bryant* v. *Eastman,* 7 Cush. 111 ; *Riley* v. *Gerrish,* 9 Cush. 104.

DEWEY, J. 1. It is objected that by the terms of the note the same was not due and payable at the time when the suit was

instituted. This objection arises wholly from the use of the words "four months after," and it is contended that this cannot be read "four months after date," but is quite as properly read "four months after sight," or "four months after request," and so being uncertain, no legal liability exists to pay the note in four months after date. We think this objection cannot avail, and that the proper reading of the note is "four months after date," the omission of the last word being properly supplied, and the most obvious and natural reading being in that form.

2. The testimony of Scott was properly admitted to the extent of showing the time when the name of the defendant was written upon the note, and whether it was before or after it was indorsed by the payee. To this extent such evidence is competent, and is not in violation of the rule excluding oral evidence when offered to control a written contract. Under our numerous decisions, which are collected and stated in the case of *Union Bank of Weymouth & Braintree* v. *Willis*, 8 Met. 504, as well as by various subsequent decisions, a signature on the back of a negotiable note by a third person in blank, before the same has been put in circulation, or delivered to the payee, and before any indorsement of the note by the payee, creates the relation and liability of a maker of the note.

The nature of the contract and the character of the liability of the defendant depended therefore upon the fact of the time when he placed his name upon the note; and this is to distinguish his liability, whether it be that of maker, guarantor or indorser. The additional facts stated by the witness, beyond that of the time of the signature, were immaterial, and, although not strictly admissible, furnish no ground for setting aside the verdict.

The words "waiving demand and notice," written above the name of the defendant, although certainly more appropriate words to accompany an indorsement of a note by a regular indorser, yet do not change the relation of the defendant, or his liability to be charged as maker, if in fact, when he signed the note, the same had not been negotiated by the payee and in-

dorsed by him. The evidence shows that this was the fact, and of course controls any inference which might otherwise be drawn from the use of the words recited.

*Exceptions overruled.*